UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CENTURY NATIONAL INSURANCE
COMPANY,

        Plaintiff,

     v.

GT TRANSPORT, INC. and GRAINCO FS,
INC.,

        Defendants.

No. 17 C 4764

Judge Thomas M. Durkin

**MEMORANDUM OPINION AND ORDER**

Century National Insurance Company seeks a declaratory judgment that it does not have a duty to defend or indemnify its insured, GT Transport, Inc., in a lawsuit brought by the estate of a person who died while using a truck GT owned. Grainco FS is also a defendant in the underlying lawsuit, and Century has impleaded Grainco here so as to have it bound by any decision of this Court. GT has defaulted, leaving Grainco to oppose Century's motion for summary judgment, R. 22, which is before the Court. For the following reasons, that motion is granted.

**Background**

In the underlying case, the decedent's estate alleges that Anthony Lincoln was GT's employee. R. 1-4 ¶ 5. He drove a truck owned by GT to a Grainco facility to pick up a load of soybeans. *Id.* ¶¶ 6-7. He was allergic to soybeans, and while he was at Grainco's facility he went into anaphylactic shock, and later died. *Id.* ¶¶ 8-10.

In answer to the complaint, GT denies that Lincoln was its employee, and asserts that the day he died he was applying for a job. R. 27-1 at 6 (¶ 5). GT also asserts that Lincoln used its truck without permission. *Id.* (¶ 7).

The GT's insurance policy with Century includes the following relevant provisions:

> The following words and phrases have special meaning throughout this policy and appear in boldface type when used:
> A. "You" and "your" mean[s] [GT]. . . .
> C. "Accident" [means] a sudden, unexpected occurrence not intended by the Insured . . . .
> F. "Insured" means any person or organization qualifying as an Insured in the WHO IS INSURED section of the applicable insurance.
>
> \*   \*   \*   \*
>
> A. WE WILL PAY, subject to the policy limits:
> 1. All sums . . . the Insured legally must pay as damages because of bodily injury or property damage, other than punitive or exemplary damages, to which this insurance applies, caused by an accident and resulting from the ownership, maintenance or use of a covered auto.
> 2. We have the right and duty to defend any suit asking for these damages. However, we have no duty to defend suits for bodily injury or property damage not covered by this policy.
>
> \*   \*   \*   \*
>
> C. WE WILL NOT COVER—EXCLUSIONS
> This insurance does not apply to . . . .
> 2. Any obligation for which the Insured or his or her insurer may be held liable under any workers' compensation or disability benefits law or under any similar law.
> 3. Any obligation of the Insured to indemnify another for damages resulting from bodily injury to the Insured's employee. . . .

> 5. Bodily injury to any employee of the Insured arising out of and in the course of his or her employment by the Insured. . . .
> 10. Bodily injury to an insured or liability for bodily injury to an Insured whenever the ultimate benefits of that indemnification accrue directly or indirectly to an insured. . . .
> 18. To anyone operating the Insured vehicle without the permission of the Insured.
>
> \* \* \* \*
>
> D. WHO IS INSURED
> 1. You are an Insured for any covered auto.
> 2. Anyone else is an Insured while using with your permission a covered auto . . . .

R. 1-5 at 1-4 (capitalization in original). The truck Lincoln was using when he died is a "covered auto" under the policy.

## Analysis

"Under Illinois law, the interpretation of an insurance policy is a question of law that is properly decided by way of summary judgment." *Twenhafel v. State Auto Prop. & Cas. Ins. Co.*, 581 F.3d 625, 628 (7th Cir. 2009). "Under Illinois law, an insurer has no duty to defend unless the underlying claim contains explicit factual allegations that potentially fall within policy coverage." *Amerisure Mut. Ins. Co. v. Microplastics, Inc.*, 622 F.3d 806, 810 (7th Cir. 2010). "If the facts alleged in the underlying complaint fall within, or potentially within, the policy's coverage, the insurer's duty to defend arises." *Id.* Moreover, "a liability insurer's duty to defend is broader than its duty to indemnify." *Id.* The Court must not "simply look to the particular legal theory pursued by the claimant, but must focus on the allegedly tortious conduct on which the lawsuit is based." *Id.* at 815-16. The Court is to

"liberally construe" the policy terms and the allegations in the complaint in favor of the insured, and any doubts and ambiguities are resolved against the insurer. *See id.* at 811. Nonetheless, "the general rules that favor the insured must yield to the paramount rule of reasonable construction which guides all contract interpretations." *Id.*

For Century to have a duty to defend GT in the underlying case, the facts alleged in the underlying complaint must fall within the policy's language. The policy generally covers damages caused by the use of GT's covered vehicles. *See* R. 1-5 at 3 (the policy covers "[a]ll sums . . . the Insured legally must pay as damages . . . caused by an accident and resulting from . . . use of a covered auto"). The policy excludes from coverage, however, injury to GT's employees, *see* R. 1-5 at 4 (¶ C5) (policy excludes "[b]odily injury to any employee of the Insured"), and injury to anyone using a covered auto with GT's permission, *see id.* at 4 (¶¶ C10, D2) (policy excludes "[b]odily injury to an Insured," including "[a]nyone . . . using with . . . permission a covered auto").

The complaint in the underlying case alleges that Lincoln was GT's employee at the time of his death. The complaint also alleges that Lincoln was using the truck to haul soybeans for GT, permitting the inference that he was using the truck with GT's permission. Since the policy does not cover injuries to employees or people using covered vehicles with permission, and the underlying case alleges that Lincoln was GT's employee using the truck with permission, the policy does not cover the injury as alleged in the underlying complaint.

4

Grainco does not contest this interpretation of the policy or this application of the policy to the facts alleged in the underlying complaint. Rather, Grainco contends that GT's denial of these facts in its answer in the underlying case is sufficient to establish Century's duty to defend. Pleadings beyond the underlying complaint can be relevant to assessing a duty to defend. For instance, in *Pekin Insurance Co. v. Wilson*, the policy contained a self-defense exception to the coverage exclusion for intentional torts, making the counterclaim relevant to the duty to defend. 930 N.E.2d 1011, 1021 (Ill. 2011). In another case cited by Grainco, the underlying complaint alleged that a contractor was negligent and a third-party complaint alleged that a sub-contractor was directly responsible for the work in question. *See Am. Econ. Ins. Co. v. Holabird and Root*, 886 N.E.2d 1166, 1179 (Ill. App. Ct. 1st Dist. 2008). In *Holabird*, although the underlying complaint did not name the subcontractor, the court found it appropriate to consider the third-party complaint's naming of the subcontractor in assessing the duty to defend. *Id.* The *Wilson* and *Holabird* cases presented "unusual circumstances" making it reasonable to look beyond the underlying complaint itself in assessing the insurers' duties to defend in those cases. *See Scottsdale Ins. Co. v. Walsh Constr. Co.*, 2011 WL 4538456 (N.D. Ill. Sept. 29, 2011).

Grainco does not contend that any such unusual circumstances are present in the underlying pleadings, but rather asks the Court to deny Century's motion simply based on GT's denials of the underlying plaintiff's allegations. Grainco cites no authority supporting its reliance on GT's straightforward denials to oppose this

5

motion. This lack of authority is unsurprising. A defendant's denials are generally designed to counter a claim of liability. Only pleadings that can demonstrate potential liability for the insured can possibly demonstrate a duty to defend. Here, the policy excludes coverage for the facts as alleged in the underlying complaint, and the answer of course is designed to counter the claimed liability. Absent liability there is nothing to defend. Thus, none of the pleadings demonstrate circumstances in which Century would owe coverage to GT.

This is doubly true here because even if liability for GT was still possible if the facts of the underlying case are as GT alleges in its answer, the policy does not provide coverage. GT alleges that Lincoln was not its employee at the time of his death, and that he was using the truck without permission. The policy expressly excludes coverage "[t]o anyone operating the Insured vehicle without the permission of the Insured." R. 1-5 at 4 (¶ 18). Thus, Grainco's reliance on GT's answer is unavailing (even if it was a proper argument, which it is not).

Since the express terms of the policy exclude coverage for the accident at issue in the underlying case—whether as alleged by the plaintiff in that case or in GT's answer—summary judgment is granted to Century. For the same reason, it is unnecessary to address Century's arguments that coverage is precluded by (1) a provision in the policy regarding injury from "irritants, pollutants or contaminants," or (2) the policy's notice provision.

## Conclusion

For the foregoing reasons, Century's motion for summary judgment, R. 22, is granted.

ENTERED:

_Thomas M Durkin_
Honorable Thomas M. Durkin
United States District Judge

Dated: April 10, 2018